In the matter of the estate of EDWARD HIDDEN RAYNOLDS, deceased.

———

RICHARD T. GREENE and CENTRAL HANOVER BANK AND TRUST COMPANY, executors under the last will and testament of Edward Hidden Raynolds, deceased, and ARTHUR H. RAYNOLDS, REGINALD M. RAYNOLDS and LAURENCE I. RAYNOLDS, appellants,

*v.*

EDWARD F. RAYNOLDS and HAROLD F. RAYNOLDS, respondents.

[Argued February 11th, 1943. Decided May 18th, 1943.]

———

*Messrs. Smith & Slingerland* for the appellants.

*Mr. John E. Toolan* (*Mr. Meyer E. Ruback,* of counsel), for the respondents.

PER CURIAM.

This is an appeal from an award in the Prerogative Court of a counsel fee of $7,500 to be paid out of the estate to the counsel of the appellants in that court.

The amount of the fee allowed, considering the size of the estate and the ability and talent displayed by counsel, was in all respects proper. The question of the power of the Prerogative Court to make such an award must be answered in the affirmative.

The Prerogative Court, in matters relative to the probate of wills, has original jurisdiction as well as an appellate jurisdiction. The question of probate may be heard on the same proofs or upon additional evidence. *Kayhart* v. *Whitehead, 77 N. J. Eq. 12; affirmed, 78 N. J. Eq. 580; In re Williams, 95 N. J. Eq. 702.* See, also, *Rusling* v. *Rusling, 35 N. J. Eq. 120; affirmed, 36 N. J. Eq. 603.*

Allowances from the estate to counsel opposed to probate have frequently been made in the Prerogative Court. *Bioren* v. *Nesler, 76 N. J. Eq. 576; In re Wandell, 92 N. J. Eq. 195.* The practice was approved in this court. *In re Fisher, 115 N. J. Eq. 329.*

The court having jurisdiction over the estate may make reasonable allowances to counsel for the unsuccessful litigant where there were reasonable grounds to contest the probate of the will. The will in the instant case disinherited the contestants who were sons of the testator.

In the case of *In re McCabe, 124 N. J. Eq. 254,* the Prerogative Court was exercising appellate and not original jurisdiction. It was not disposing of any fund in court. See, also, *In re Brooks, 106 N. J. Eq. 242,* where the jurisdiction was exclusively appellate.

Where the proponents of a will are unsuccessful an allowance of counsel fee obviously would not be granted because there would be no fund in court. *Skillman* v. *Lanehart, 73 N. J. Eq. 351; In re Queen, 82 N. J. Eq. 588.*

The practice in equity of charging a fund in court with reasonable counsel fees for those who have litigated the question of the distribution has existed from earliest times and should not now be doubted. *United States* v. *Equitable Trust Co., 283 U. S. 738.*

The allowance of a counsel fee to contestants' counsel in the Prerogative Court will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.